UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT HUMPHRIES and DENNIS MOWRY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MITSUBISHI CHEMICAL AMERICA, INC. and MITSUBISHI CHEMICAL AMERICA EMPLOYEES' SAVINGS PLAN ADMINISTRATIVE COMMITTEE,<br><br>Defendants. | Case No. 1:23-cv-06214 (JLR) |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

The parties have agreed to the terms of this Protective Order; accordingly, it is ORDERED:

1.  <u>Scope.</u> All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "document(s)"), shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.  <u>Form and Timing of Designation.</u> A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. Inadvertent production of any confidential document prior to its designation as confidential and restricted in disclosure in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.     Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER but only after review of the documents by an attorney or a party appearing pro se who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, Protected Health Information (PHI), medically sensitive information, trade secrets, personnel records, or commercial information. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Information or documents that are available in the public sector may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

4.     Documents Which May be Designated ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER. The parties reserve the right to designate documents as ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER but only after review of the documents by an attorney or a party appearing pro se who has in good faith determined that the documents contain trade secrets or otherwise highly sensitive business information.

5.      <u>Redaction of Documents Designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER.</u> A party may redact information in documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER but only after review of the information by an attorney who has in good faith determined that: the information is of a highly sensitive nature and falls into the following categories of irrelevant materials:

   a. Personally Identifiable Information (PII) protected under the Federal Rules of Civil Procedure;

   b. Information about specific salaries or compensation of Mitsubishi Chemical America, Inc. employees (other than the named plaintiffs to this action).

In order to be subject to redaction: (1) the information must not relate to a party's claims or defenses; and (2) it must be readily apparent that the information falls within the above categories (a-b). Redactions shall not be applied to document descriptors such as e-mail subject lines, document titles, section headers, chart names, or other similar information that in context is reasonably necessary to ascertain the general nature or subject matter of the underlying redacted information. Should any dispute arise under this paragraph, the Parties shall meet and confer in an attempt to resolve the dispute prior to bringing any such dispute before the Court, in accordance with Paragraph 2(E) of the Court's Individual Practices in Civil Cases.

6.      <u>Third-Party Documents.</u> A Party that issues a subpoena upon any third party after the execution of this Order will include a copy of this Order and any other agreed protocol with the subpoena and state that the Parties in this litigation have requested that third parties produce documents in accordance with the specifications set forth herein. A party that receives documents

from a nonparty through a subpoena ("Third-Party Documents") shall promptly notify the other parties in this action within five (5) business days after receiving the documents. A party receiving such documents shall, within ten (10) business days of the receipt of the Third-Party Documents, provide a copy of the documents to opposing counsel in this action. Opposing counsel shall, within thirty (30) days of the Third-Party Documents being received, advise counsel for the receiving party, in writing, if any of the Third-Party Documents are to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order. Third-Party Documents shall not be provided to any persons other than those designated by Paragraph 8 of this Order until either (a) such counsel is advised by opposing counsel, pursuant to this paragraph, if any of the Third-Party Documents are to receive a specific designation under this Order, or (b) thirty (30) days from the date the Third-Party Documents are received by opposing counsel, whichever occurs first. Counsel shall work in good faith to accommodate reasonable requests for extension of the "ten (10) business day" and "thirty (30) day" timeframes provided in this paragraph, due to the particular format or volume of the Third-Party Documents being furnished. A nonparty producing any Third-Party Documents also shall be permitted to designate any such documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, provided they qualify for such designation as if made by a party under Paragraph 3 of this Order. Any documents so designated shall be treated the same under this Order as if the designation were made by a party.

    7.    <u>Depositions.</u> Deposition testimony and exhibits shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions to be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Depositions, in whole or in part, shall be designated on the record as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER at the time of the deposition, or shall be designated by

written notice to all parties of record within sixty (60) days after delivery of the final transcript of the deposition by the court reporter. Deposition testimony so designated shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until sixty (60) days after delivery of the final transcript by the court reporter. Within sixty (60) days after delivery of the final transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Thereafter, those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pending objection under the terms of this Order. The failure to serve a Notice of Designation shall waive the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation made on the record of the deposition. When deposition testimony is designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER at a deposition, or when an exhibit is designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER before or at a deposition, the designating party may exclude from the deposition all persons other than those to whom the designated information may be disclosed under Paragraph 8 of this Order. Any party may mark a document designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER as a deposition exhibit, provided that the deposition witness is one to whom the exhibit may be disclosed under Paragraph 8 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original designated document.

    8.    <u>Protection of Confidential Material.</u>

        a.    <u>General Protections.</u> Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties (including attorneys not involved in the litigation at a parties' law firm) or any other persons identified in Paragraph

8(b) and 8(c) for any purpose whatsoever other than to prepare for and to conduct this litigation.

      b.      <u>Limited Third-Party Disclosures of Documents Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER</u>. CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents, information and material may be disclosed by a party only to the following persons:

      1.      <u>Counsel.</u> Counsel for the parties (including attorneys associated with the law firm of counsel and the paralegal, clerical, and secretarial staff employed by such counsel);

      2.      <u>Parties.</u> Parties and their officers, directors, agents, employees, and insurers who are deemed reasonably necessary by counsel for the Parties to aid in the prosecution, defense, or settlement of this Litigation;

      3.      <u>Court Reporters and Recorders.</u> Court reporters and recorders engaged for depositions;

      4.      <u>Contractors.</u> Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

      5.      <u>Witnesses at Depositions, Hearings, or Trial.</u> Any non-party (or their counsel) who is preparing to him or herself appear or who is appearing at a deposition, hearing, or other proceeding in this action for

6

whom disclosure is reasonably necessary to the preparation or testimony of such witness; any disclosed documents produced by the opposing party may not be retained by the witness;

6. <u>Consultants and Experts.</u> Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

7. <u>Author or Recipient:</u> Any person that was the author or a recipient of a document, or any person that was present or participated in a meeting or discussion of the document before it was produced in this action, but only with respect to that specific document;

8. <u>Former Employees:</u> Any former employee of a party to this action that has a legitimate need to see the information in connection with assisting counsel in preparing the action for trial or settlement;

9. <u>Mediator</u>. any mediator or arbitrator who the Parties engage in this matter or that this Court appoints.

10. <u>Court</u>. this Court, including any appellate court, and the court reporters and support personnel for the same; and

11. <u>Others by Consent.</u> Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification

contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

  c. <u>Limited Third-Party Disclosure of Documents Designated ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER.</u> ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents, information and material may be disclosed by a party only to the following persons:

    1. <u>Counsel.</u> Counsel for the parties (including attorneys associated with the law firm of counsel and the paralegal, clerical, and secretarial staff employed by such counsel);

    2. <u>Court Reporters and Recorders.</u> Court reporters and recorders engaged for depositions;

    3. <u>Contractors.</u> Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    4. <u>Consultants and Experts.</u> Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

5. <u>Mediator</u>. any mediator or arbitrator who the Parties engage in this matter or that this Court appoints.

6. <u>Court</u>. this Court, including any appellate court, and the court reporters and support personnel for the same; and

d. <u>Control of Documents.</u> Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order.

e. <u>Copies.</u> Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

9. <u>Filing CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents with the Court</u>:

    a. <u>Filing Party's Confidential Documents.</u> In the event that a party seeks to file, or reference in any filing, a document that the filing party designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order and the filing party seeks to maintain the confidentiality of such document, the filing party must comply with the Rule 4(B) of Court's Individual Practices in Civil Cases.

    b. <u>Non-Filing Party's Confidential Documents.</u> In the event that the filing party seeks to file, or reference in any filing, a document that the non-filing party designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Protective Order, the filing party shall first consult with the non-filing party to determine whether the non-filing party consents to filing the document in whole or in part on the public docket. If the parties are unable to reach an agreement, the filing party must comply with Rule 4(B) of Court's Individual Practices in Civil Cases.

> To be clear, to the extent the parties seek to file any document containing redactions other than those permitted by Section 4.B.i of the Court's Individual Rules, and to the extent the parties seek to file any document under seal, they must obtain the Court's approval. The facts that the parties have designated a document "confidential" or "attorneys eyes only," or have consented to a redacted filing, are not, by themselves, valid bases to overcome the presumption in favor of public access to judicial documents or to file the document under seal.

10. <u>No Greater Protection of Specific Documents.</u> No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

11. <u>Challenges by a Party to Designation as Confidential.</u> Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO

PROTECTIVE ORDER designation is subject to challenge by any party or nonparty (hereafter "party"). The following procedure shall apply to any such challenge.

      a.    <u>Objection to Confidentiality.</u> Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating party an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents to which an objection has been made shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER until designated otherwise by waiver, agreement or order of the Court.

      b.    <u>Obligation to Meet and Confer.</u> The objecting party and the party who designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

      c.    <u>Obligation to File Motion.</u> If the parties cannot reach agreement as to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER, for the purpose of discovery, the designating party shall file with the Court within thirty (30) days of the service of the objection a motion to retain the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER designation. The moving party has the burden to show good cause for the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER designation. The failure to file the motion waives the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER designation of documents to which an objection was made.

12. <u>Court Not Bound By Parties' Designation.</u> Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery, filed with the Court, or used during any hearing or at trial.

13. <u>Use of Confidential Documents or Information at Hearing or Trial.</u> A party who intends to present or anticipates that another party may present at any hearing or at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom shall identify the issue, not the information, in a pre-hearing or pretrial memorandum. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

14. <u>Obligations on Conclusion of Litigation.</u>

    a. <u>Order Remains in Effect.</u> Unless otherwise agreed or ordered, the terms of this Order shall remain in force as an agreement between the parties after dismissal or entry of final judgment not subject to further appeal. Actions to enforce the terms of the Order after dismissal or entry of final judgment shall be by separate legal action and not by motion for contempt or other relief filed in this action.

    b. <u>Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER and ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER Documents.</u> Within thirty days after dismissal or entry of final judgment not subject to further appeal, the receiving party shall undertake best efforts to return to the producing party all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in Paragraph 8(d), unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the receiving party opts to destroy in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, correspondence, pleadings, depositions and trial transcripts, and

litigation files (including attorney work product and discovery material containing Confidential Discovery Material), to any person except pursuant to a court order, agreement by the Producing Party, or as otherwise required by law. For purposes of this paragraph, good faith reasonable efforts to return or destroy material need not include destroying Discovery Material residing on back-up tapes or other disaster recovery systems, so long as the person who has received such Discovery Material maintains the confidentiality of such material.

  c. <u>Deletion of Documents Filed under Seal from ECF System.</u> Filings with the Court under seal shall remain in the ECF system and not be deleted except by order of the Court.

15. <u>Order Subject to Modification.</u> This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

16. <u>No Prior Judicial Determination.</u> This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. <u>Persons Bound.</u> This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**SO ORDERED,**

Dated: November 11, 2025

*Jennifer Rochon*
Hon. Jennifer L. Rochon
United States District Judge

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT HUMPHRIES and DENNIS MOWRY, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>MITSUBISHI CHEMICAL AMERICA, INC. and MITSUBISHI CHEMICAL AMERICA EMPLOYEES' SAVINGS PLAN ADMINISTRATIVE COMMITTEE,<br><br>        Defendants. | **Case No. 1:23-cv-06214 (JLR)** |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges having read the Protective Order dated _____ in the above-captioned case and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Protective Order and understands that the terms of the Protective Order obligate the undersigned to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned case, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court or for other relief under the Protective Order agreement.

Dated: _____    Signature: _____

                                   Printed Name: _____